## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 20-65** |
| **ASHTON J. RYAN JR.**<br>**WILLIAM J. BURNELL**<br>**ROBERT CALLOWAY**<br>**FRANK J. ADOLPH**<br>**FRED V. BEEBE** | **SECTION "L"(4)** |

### ORDER AND REASONS

Before the Court is a motion to dismiss the indictment and stay further proceedings due to jury selection violations filed by Defendant Robert B. Calloway and adopted by his co-defendants Ashton J. Ryan, William J. Burnell, Frank J. Adolf, and Fred V. Beebe. R. Doc. 62.[1] The government opposes the motion. R. Doc. 93. Having considered the parties' arguments and applicable law, and for the reasons set forth by Judge Ashe his June 2, 2021 Order and Reasons in Criminal Action Number 16-32, *United States v. Age*, the Court now **DENIES** the motion.

### I. BACKGROUND

In July 2020, a federal grand jury in the Eastern District of Louisiana charged Defendants Ryan, Burnell, Calloway, and Adolph in a 46-count Indictment with conspiracy to defraud First NBC Bank, bank fraud, and false entries in bank records. R. Doc. 1. In January 2021, the grand jury charged Defendants  Ryan, Burnell, Calloway, Adolph, and Beebe in a 49-count Superseding

---

[1] *See also* R. Docs. 63, 66, 76, and 95 (motions by co-defendants to adopt Calloway's motion).

Indictment. R. Doc. 65. The defendants' trial is scheduled to begin on March 15, 2022. R. Doc. 49.

## II.  PRESENT MOTION

The defendants, joining other defendants in other Sections of this Court, now move to dismiss the Superseding Indictment due to alleged improprieties in the jury selection process utilized by this Court. In particular, defendants challenge the constitutionality of the jury selection method under the Sixth Amendment and allege that the district has failed to comply with Jury Service and Selection Act (JSSA). R. Doc. 62. In their motions, the defendants rely on arguments advanced by Louis Age, Jr. and his co-defendants in *United States v. Age* before another Section of this Court. *See* R. Doc. 483-1 in Criminal Action No. 16-32. The defendants do not provide any of their own legal analysis or statistical data, except for Mr. Calloway, who cites information about the composition of a single grand jury. R. Doc 62 at 2; *see United States v. Williams*, 264 F.3d 561, 568 (5th Cir. 2001) (holding that evidence related to the composition of two venire panels was too small a sample and thus was "not relevant" to the fair cross-section analysis).

Mr. Age argued that statistical disparities regarding African Americans citizens in the qualified jury wheel from which the grand jury venire was selected demonstrate that there was a violation of the Sixth Amendment's fair-cross section guarantee and a substantial failure to comply with the JSSA.[2] Specifically, Mr. Age contended the jury selection method used in the Eastern District of Louisiana is not random and instead systematically results in the underrepresentation of black perspective jurors.[3] In a thorough and well-reasoned 33-page opinion, Judge Ashe determined that these contentions were unfounded and, therefore, denied the defendants' motion to quash the indictment.

---

[2] R. Doc. 483 in Criminal Action No. 16-32.
[3] *Id.* at 12.

### III. LAW & ANALYSIS

Defendants asked the Court "to defer ruling on this Motion until Judge Ashe rules upon the substantial compliance or noncompliance of the jury selection plan with the JSSA, based upon the facts and evidence to be developed in *United States v. Age, et al*., No. 2:16-cr-32." R. Doc. 62 at 1. The Court has done so and hereby incorporates by reference the entirety of Judge Ashe's June 2, 2021 Order and Reasons, including the analysis of the jury selection challenge presented, the evidentiary record[4] presented by the parties and produced by the Clerk of Court, and the conclusion and supporting reasons that the defendants have not carried their burden of demonstrating a Sixth Amendment violation in the jury-selection process used to convene the grand jury or a *prima facie* JSSA violation.[5]

The Court has considered the Sixth Amendment fair-cross-section guarantee and the mandate of the JSSA and reviewed the June 2, 2021 Order and Reasons, the relevant portions of the record, and the parties' briefs and wholly concurs with the conclusion that "there is no evidence that they were any improprieties in the selection process or that jurors have been selected in a non-random manner." *Id.* at 32. To start, the defendants conceded that the master wheel jury wheel, derived from the district's voter rolls, "had a racial makeup consistent with that of the district." *Id.* at 17. As for the qualified jury wheel, the defendants' argument that an 11.84% absolute disparity is unacceptable simply fails as a matter of law in the Fifth Circuit. *Id.* at 21-22. Moreover, the Court underscores that unreturned juror questionnaires play a significant role here. *Id.* The Court is persuaded by the reasoning that this external factor cannot result in systematic exclusion because "the failure to respond…is the result of individual choice, and not a problem inherent in the

---

[4] Notably, the statistical evidence and analysis presented by the parties and produced by the Clerk were "remarkably similar" and "contained no real conflicts." R. Doc. 529 at 2 n. 5.
[5] R. Doc. 529 in Criminal Action No. 16-32.

particular jury-selection process utilized." *Id.* at 25. Lastly, the Court emphasizes that challenged-jury selection process employed in the Eastern District of Louisiana is facially neutral, which "renders systemic exclusion unlikely" in any case. *Id.* at 24-26.

## IV. CONCLUSION

Accordingly, and for the reasons provided in the opinion incorporated by reference and filed into the record here as an exhibit to this Order and Reasons,

**IT IS ORDERED** that the motion to dismiss the indictment, R. Doc. 62, is hereby **DENIED**.

New Orleans, Louisiana, this 26th day of July, 2021.

UNITED STATES DISTRICT JUDGE