# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 20-65** |
| **ASHTON J. RYAN JR. ET AL** | **SECTION "L"(4)** |

### ORDER

Considering the Government's Objections to Defense Experts, at R. Doc. 798,

**IT IS ORDERED** that the motion is **DENIED AS MOOT**.

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. This rule codifies the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

The Court must act as a "gate-keeper" to ensure the proffered expert testimony is "both reliable and relevant." *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). "The primary purpose of the Daubert filter is to protect juries from being bamboozled by technical evidence of dubious merit." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003); see also *Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010). However, a court's role as a gatekeeper does not replace the adversary system. *Daubert*,

1

509 U.S. at 596. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for [the fact finder's] consideration." *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

The Court has reviewed the disclosures provided by Defendants Ryan and Beebe regarding the backgrounds and opinions of their proffered experts, William Whitmore and Neil Librock. Both witnesses have expertise in banking that is relevant to this case, and Mr. Ryan and Mr. Beebe provided complete Rule 16 disclosures in a timely manner. Regarding the other concerns that the government articulates, including the possibility of witness bias, the Court finds that these concerns go to the weight of the testimony rather than its admissibility under *Daubert*. Because the weight to be given to Mr. Librock and Mr. Whitmore's testimony will be determined by the jury at trial, after cross-examination, the Court declines to exclude these experts' opinions and testimony. The government may re-urge its specific objections at trial, if necessary.

New Orleans, LA, this 22nd day of December, 2022.

THE HONORABLE ELDON E. FALLON
UNITED STATES DISTRICT JUDGE