UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 20-65** |
| v. | * | SECTION: "L"(4) |
| **ASHTON J. RYAN, JR.**<br>**FRED V. BEEBE** | * | |
| | * | |

\* \* \*

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS
MOTION *IN LIMINE* TO AUTHENTICATE AND ADMIT
FDIC, IRS, AND BUSINESS RECORDS**

The government files this supplemental memorandum to its motion *in limine* to authenticate and admit FDIC, IRS, and business records. *See* Rec. Doc. 868. The government submits this memorandum to address specific questions raised by the Court concerning authenticity of FDIC records. At the hearing on authenticity that was held on December 21, 2022, the government presented testimony of Raymond Rivard of the FDIC, and it intended to present the testimony of two other FDIC employees: Michael Saulnier and Stephen Cotton. These individuals have first-hand knowledge of responses to various subpoenas to the FDIC, which were provided as Government Exhibits B through Q.[1]

To assist the Court in addressing this authenticity issue, the government is filing in the record an excerpt of its exhibit list as Exhibit R.[2] The government provided its full exhibit list to the Court and defense on December 13, 2022.[3] The excerpt being filed in the record today

---

[1] The government requested Exhibits B through O be filed under seal as they concerned matters occurring before the grand jury. Exhibits P and Q were not matters occurring before the grand jury.

[2] The government will be filing it under seal because it contains personal identifying information and refers to Bank Secrecy Act information.

[3] Prior versions of the government's exhibit list had been provided to defense earlier in accordance with the

contains only the FDIC-sourced exhibits. The government has added columns to identify (1) which subpoena each record corresponds to, and (2) which FDIC employee provided the record. The source of each document has been identified in indices of discovery that the government has provided defense counsel throughout the discovery process.

This exhibit list excerpt should permit the Court to make a preliminary finding of authenticity and admissibility, subject to relevancy, pursuant to 12 U.S.C. § 1820(f) and Federal Rule of Evidence 803(8). To satisfy the requirement of authenticating or identifying an item of evidence, the government need only "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). In this case, the government avers that these records came from the FDIC, which seized them from First NBC Bank. The FDIC witnesses would testify that these documents were obtained from First NBC Bank or from the FDIC's own agency records, thus satisfying the authenticity requirement. Fed. R. Evid. 901(b)(1). If a genuine issue arises regarding where these documents came from,[4] the government will present the remaining two FDIC witnesses.

---

Court's scheduling order.

[4] The government has worked with counsel for defendant Ashton J. Ryan, Jr., and believes it and Ryan will agree to stipulations on authenticity of FDIC records. By contrast, Beebe has not agreed to any stipulations, including that First NBC Bank was federally insured. It is unclear why Beebe has opted to pursue this dilatory tactic, and the overbroad and off-topic questions his counsel raised at the evidentiary hearing failed to provide any insight. There can be no doubt that these documents came from the FDIC, which seized them from First NBC Bank, or that the government has satisfied the narrow question of authenticity, *i.e.*, that the documents are what the proponent claims they are (Bank documents seized by the FDIC). *See* Fed. R. Evid. 901(a); *United States v. Okulaja*, 21 F.4th 338, 345 (5th Cir. 2021) (authenticity "is not a burdensome standard"). Beebe has not identified which records he believes came from a source other than the FDIC, let alone why he believes so. Further, Beebe has sought subpoenas to the FDIC, so he is aware of who has provided these documents. To the extent Beebe seeks to challenge the substance of the documents or asserts that other, unidentified documents are missing, such arguments go to the weight of the evidence, not authenticity, and can be addressed during cross-examination of witnesses. *See Okulaja*, 21 F.4th at 345 ("Once [the authenticity] requirement has been met, the trial court should admit the exhibit in spite of any issues the opponent has raised about flaws in the authentication because such flaws go to the weight of the evidence instead of its admissibility.") (quotation marks, ellipsis, and brackets omitted). Beebe's tactics—including moving the goalposts by requesting that the government disclose subpoenas and still refusing to stipulate to authenticity even after receiving them—will unnecessarily prolong the trial by multiple weeks. The issue is ripe for the Court to intervene and remedy by granting the instant motion.

Alternatively, the government requests that the Court conditionally admit these records as having been authenticated as FDIC records that were obtained from First NBC Bank or from the FDIC's records, with additional evidence to be adduced at trial, in order to obviate the need for these three FDIC witnesses from having to testify at trial unless a genuine issue arises. *See* Fed. R. Evid. 104(b) (permitting a court to admit proposed evidence "on the condition that the proof be introduced later.").

## CONCLUSION

For the reasons above, the government requests that the Court enter an order finding that the records listed on the government's sealed excerpt of its exhibits list are authentic and admissible records of the FDIC under 12 U.S.C. § 1820(f) and Federal Rule of Evidence 803(8). Alternatively, the government requests that the Court deem that the FDIC records are conditionally admissible under Fed. R. Evid. 104(b).

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Matthew R. Payne*
MATTHEW R. PAYNE
NICHOLAS D. MOSES
J. RYAN McLAREN
RACHAL CASSAGNE
Assistant United States Attorneys
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3000
E-Mail: Matthew.Payne@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 23rd day of December, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to ECF-registered counsel of record.

                                                  */s/ Matthew R. Payne*
                                                  MATTHEW R. PAYNE
                                                  Assistant United States Attorney